Dear Commissioner Brown:
Your opinion request asked if LSA R.S. 22:1260 requires that each individual agent or broker employed by a surplus line broker, be licensed individually as a surplus line broker? Put another way, do the employees of a licensed surplus line broker also have to be licensed as surplus line brokers? The statute licensing surplus line brokers is LSA R.S. 22:1260 which states in pertinent part as follows:
 Any licensed agent or broker maintaining an office at a designated location in this state, and having at least two years experience in the insurance business with an insurer or as an agent or broker, may be licensed as a surplus line broker as follows:
(1) Application to the Commissioner . . .
(2) The license fee shall be . . .
 (3) The applicant shall pass an examination prepared and administered by the Commissioner.
 (4) Prior to the issuance of a license, the applicant shall file with the Commissioner of Insurance, . . . a bond in favor of the State of Louisiana in the penal sum of forty thousand dollars, . . . conditioned that he will conduct business under the license in accordance with the provisions of this Part and that he will promptly remit the tax provided by R.S. 22:1265.
It is clear that any corporation, partnership or individual operating a surplus lines brokerage must be licensed under R.S.22:1260. The question is, do individuals representing that surplus line broker, have to be licensed as surplus line brokers under R.S. 22:1260?
State law and the Department of Insurance require that those who engage in the insurance business in this state as agents, brokers or solicitors, be licensed by the department, LSA R.S.22:1166. The term "Broker" is defined by R.S. 22:1162 as follows:
 An insurance broker is hereby defined to be an individual, partnership or corporation who or which shall, for a commission or brokerage consideration, act for or aid in any manner in negotiating contracts of insurance, or in placing risks or soliciting or effecting insurance as agent for an insured or prospective insured other than himself or itself, and not as a licensed agent of an insurer, and not as an insurance solicitor employed by a licensed agent."
At this point we should note that the purpose of licensing agents, brokers and solicitors is to safeguard the public and reasonably ensure that the public deals with qualified persons. It is also vital to point out the service provided by surplus line brokers in the insurance industry. La. R.S. 22:1257
provides as follows:
1257 Surplus lines insurance from unauthorized insurers
 If certain insurance coverages cannot be procured from authorized insurers, such coverages, hereinafter designated as "surplus lines", may be procured from unauthorized insurers provided that the insurance is procured through a licensed surplus line broker.
LA R.S. 22:1261 provides:
1261 May accept business from agents
 A licensed surplus line broker may accept and place surplus line business for any agent or broker licensed in this state for the kind of insurance involved, and may compensate such agent or broker therefore.
The function of the surplus line broker is to place coverage in non-admitted companies in cases where the insured's (individual, company or other entity) agent has been unable to place coverage with an admitted carrier. The import of this is that the surplus line broker generally deals with an agent who represents an insured and that broker acts to place coverage between that licensed agent and a company with a working relationship with the surplus lines broker, providing coverage for the insured.
Were we to find that all employees of a surplus line broker must be licensed in accord with R.S. 22:1260, the following effects would occur:
 (1) All such employees would need to be licensed as an agent or broker in this state with at least two years experience;
 (2) All employees would have to maintain their own office at a designated location in this state to qualify for such a license;
 (3) All employees would be required to pay the annual license fee required by R.S. 22:1078(B)(8) or one hundred fifty ($150.00) dollars;
 (4) All employees of said surplus line broker would be required to post the penal bond of forty thousand ($40,000.00) dollars required by R.S. 22:1260(4).
In our opinion, R.S. 22:1260, the statute providing for the licensing of surplus line brokers, does not mandate or support this interpretation. That statute requires that the person, corporation, or other entity seeking licensure as a surplus line broker meet the requirements set forth therein. That entity licensed as a surplus line broker is then responsible to fulfill the statutory requirements placed on such brokers by law and rule. The employees of that licensed entity, be they secretaries or account executives charged with placing business, are not individually required to be licensed under R.S. 22:1260. Should those employees commit an error or omission, the licensed entity employing such person is responsible. In our opinion, to expand R.S. 22:1260 to require licensure of those working for a licensed entity would require legislative amendment of that statute.
This opinion does not address the question of whether or not those working for a surplus line broker need be licensed under any other provision of the insurance code.
Trusting the above answers your question. We remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR/vls-0498e P.O. Box 94005 Baton Rouge, LA 70804-9005 (504) 342-7013